Antonio Vallejo PENALOZA; Adela Veldanez Ortuno, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–73167.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2007 *.

Filed July 26, 2007.

Antonio Vallejo Penaloza, Bakersfield, CA, pro se.

Adela Veldanez Ortuno, Bakersfield, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Esq., Stacy S. Paddack, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Antonio Vallejo Penaloza and his wife, Adela Veldanez Ortuno, natives and citizens of Mexico, petition for review of the summary affirmance by the Board of Immigration Appeals (BIA) of the denial by an immigration judge (IJ) of their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252, and we dismiss in part and grant in part the petition for review.

█ Penaloza argues that the IJ erred in finding that he failed to establish that his United States citizen children would suffer exceptional and extremely unusual hardship if he were removed to Mexico. We lack jurisdiction to review this discretionary determination. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft*, 327 F.3d 887, 891 (9th Cir.2003). We therefore dismiss the petition for review in regard to Penaloza.

█ Ortuno argues that the IJ erred in concluding that she failed to satisfy the ten-year continuous physical presence requirement of 8 U.S.C. § 1229b(b)(1)(A) due to her departure to Mexico in 1998. She testified before the IJ that when she attempted to return to the United States four weeks later, she was detained at the border for a day and then returned to Mexico. After the BIA's summary affirmance of the IJ's denial of her application for cancellation of removal, we held that an alien's brief return to her native country does not necessarily interrupt her continuous physical presence, even if she is stopped and turned away at the United States border when she attempts to return. *See Tapia v. Gonzales*, 430 F.3d 997, 1002–04 (9th Cir.2005); *see also Ibarra–Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir.2006) (an agreement to depart terminates an alien's continuous physical presence only if the terms and conditions of departure were clearly specified and the alien knowingly and voluntarily consented).

Because the record before us does not indicate whether Ortuno departed under such an agreement after she was turned away at the border, we grant her petition and remand for further proceedings concerning the nature of her contact with immigration officials in 1998. Both parties may present additional evidence regarding any of the requirements of 8 U.S.C. § 1229b(b)(1). *See Tapia*, 430 F.3d at 1004.

PETITION FOR REVIEW DISMISSED AS TO PENALOZA; PETITION FOR REVIEW GRANTED AND REMANDED AS TO ORTUNO.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.